UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DION PALMER,<br>Petitioner,<br>v.<br>SAN FRANCISCO CITY JAIL SHERIFF,<br>Respondent. | Case No. 22-cv-09047-HSG<br>**ORDER OF TRANSFER** |

Petitioner, an inmate at Norfolk County Jail in Norfolk, Virginia, has filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court ORDERS that this action be transferred to the Eastern District of Virginia.

In the petition, Petitioner alleges that, on March 21, 2022, he was extradited from San Francisco to Alexandria, Virginia, on charges of terrorism, specifically that he threatened to bomb the Alexandria, Virginia City Hall and courthouse. Dkt. No. 1 at 1-2, 5. He raises two due process claims: (1) "Problems involving the Judge, substitute Judge Mr. Tidy," and (2) "DNA Evidence voice recognition problem not my voice." Dkt. No. 1 at 6-7.

As an initial matter, it is unclear what Petitioner is challenging. Petitioner does not specify whether he is a pre-trial detainee or if he is incarcerated pursuant to a conviction. Petitioner also does not specify whether he is challenging the execution of a federal sentence or a state sentence. 28 U.S.C. § 2241 is the proper vehicle for challenging the execution of a federal sentence. 28 § 2241(c). 28 U.S.C. § 2241 is also the proper vehicle for challenging state custody where the petitioner is not held "pursuant to the judgment of a State court," such as a pretrial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See, e.g.*, *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by*

*Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies).

Regardless, venue does not lie in this district because Petitioner presumably challenges his present physical custody. District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). For "core" habeas petitions challenging present physical confinement, venue is appropriate only in the district in which a petitioner is confined, as "the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent . . . because . . . [b]y definition, the immediate custodian and the prisoner reside in the same district." *Rumsfield v. Padilla*, 542 U.S. 426, 444 (2004). The rule that the proper venue for a challenge to present physical custody lies only in the district of confinement is based on the requirement that the court issuing the writ have jurisdiction over the entity capable of effecting the relief sought in the petition; in the context of a challenge to physical custody, that entity is the petitioner's custodian. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973); *Padilla*, 542 U.S. at 445–47 (discussing requirement that district court have jurisdiction over proper respondent capable of effecting relief in order to entertain petition). This Court does not have jurisdiction over the entity capable of providing relief, which would be Petitioner's current custodian, the Norfolk Sheriff Patrick W. McDermott. Although Petitioner has named as respondent the San Francisco County Jail, the San Francisco County Jail is not the proper respondent. Petitioner is no longer housed there and he is not in the custody of San Francisco Sheriff Paul Miyamoto. Accordingly, the Court ORDERS that this action be TRANSFFERED to the Eastern District of Virginia. 28 U.S.C. § 127(a). The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 12/27/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge